# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CR-113-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| VICTOR MANUEL VIDALES, ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the Government's "Motion To Seal" (Document No. 6) filed on June 8, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion without prejudice.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

**(a)**   *Scope of Rule*.  To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making.  As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)**   *Filing under Seal*.  No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)**   *Motion to Seal or Otherwise Restrict Public Access*.  A party's

request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

By the instant motion, the Government seeks to file its forthcoming motion for detention under seal. (Document No. 6). The Government contends that this filing includes "sensitive information" that should be sealed. Id. The Court finds that this description does not provide sufficient basis for the Court to evaluate whether sealing is appropriate in this instance. Respectfully, the Government should review LCvR 6.1, which provides that a party seeking to file material under seal should provide "[a] non-confidential description of the material sought to be sealed" and "*may* submit an unredacted version of the material under seal for review by the Court along with the motion to seal." LCvR 6.1(c)(1), (d) (emphasis added). In this instance, the Court finds that it would be helpful if the Government were to file an unredacted copy of the material under seal.

**IT IS, THEREFORE, ORDERED** that the Government's "Motion To Seal" (Document No. 6) is **DENIED without prejudice**. The Government may refile the motion with more detailed information about the basis for sealing that conforms more closely to LCvR 6.1.

**SO ORDERED**. Signed: June 8, 2022

David C. Keesler
United States Magistrate Judge