**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CR-113-KDB-DCK-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **VICTOR MANUEL VIDALES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Government's "Motion To Seal"

(Document No. 8) filed on June 8, 2022. This motion has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having

carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court.

Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

### LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.

**(a)** *Scope of Rule*. To further openness in civil case proceedings, there
is a presumption under applicable common law and the First
Amendment that materials filed in this Court will be filed unsealed.
This Rule governs any party's request to seal, or otherwise restrict
public access to, any materials filed with the Court or used in
connection with judicial decision- making. As used in this Rule,
"materials" includes pleadings and documents of any nature and in
any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by
Court order, pursuant to a statute, or in accordance with a previously
entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's
request to file materials under seal must be made by formal motion,
separate from the motion or other pleading sought to be sealed,

pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

(1) A non-confidential description of the material sought to be sealed;

(2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

(3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

(4) Supporting statutes, case law, or other authority.

LCvR 6.1.

By the instant motion, the Government seeks to file its forthcoming motion for detention under seal. (Document No. 8). The Government contends that this filing includes sensitive information that should be sealed. Id.

Having considered LCvR 6.1(c) and LCrR 49.1.1, and the record of this case, the Court will allow the Government's motion. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See LCvR 6.1(e).

**IT IS, THEREFORE, ORDERED** that the Government's "Motion To Seal" (Document No. 8) is **GRANTED**. The Government's forthcoming motion for detention and the instant "Motion To Seal" (Document No. 8) shall be **SEALED** and remain under **SEAL** until otherwise ordered by this Court. Signed: June 9, 2022

**SO ORDERED**.

David C. Keesler
United States Magistrate Judge

2